■ ELIZABETH A. M. ROBINSON et al., Respondents, et al., Plaintiff, v CIGNA, Appellant. [628 NYS2d 169] —In an action to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCabe, J.), dated March 2, 1994, as denied its motion for partial summary judgment dismissing the first through fourth causes of action asserted in the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, and the motion for partial summary judgment dismissing the first through fourth causes of action asserted in the complaint is granted.

We agree with the defendant that the respondents raised no triable issues of fact with regard to their contention that they are entitled to annual cost-of-living increases pursuant to the Longshore and Harbor Workers' Compensation Act. Even assuming, arguendo, that the respondents were covered under that act, in order to qualify for the relief they seek thereunder a beneficiary must be determined to have sustained a "permanent total disability" (33 USC § 910 [f]). In this case, the Workers' Compensation Board determined that each respondent had sustained only a "partial permanent disability". Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.